L. A. W. Acceptance Corporation of Rhode Island vs. Frank E. Peterson ⎱ Law No. 73207.

December 10, 1928

TANNER, P. J. This is an action of trover and conversion brought to re-cover the value of an automobile sold to the defendant by one Scowcroft, doing business as the Providence Kissel Company.

Prior to said sale of the said Scowcroft, doing business as the Providence Kissel Company, executed a conditional sale contract to himself and said sale contract at the time of the execution thereof was assigned to the plaintiff, the L. A. W. Acceptance Corporation. Said automobile at the time of this sale to the defendant was just outside of the sales-room of the Providence Kissel Company.

Sec. 9, Chapter 262 of the General Laws of 1909, provides:

"Where a person having sold goods continues in possession of the goods * * * the delivery or transfer by that person, or by an agent acting for him, of the goods or documents of title under any sale, pledge or other disposition thereof, to any person receiving or paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner of the goods to make the same."

The defendant argues that the sale by Scowcroft as the Providence Kissel Company to himself was a nullity and that the transaction between Scowcroft individually and as the Providence Kissel Company and the plaintiff, the L. A. W. Acceptance Corporation, was at most only a mortgage which was not recorded, or that if it does amount to a conditional contract, that the plaintiff is estopped from asserting rights under it.

The plaintiff argues and cites authorities to support the contention that even if such transaction was a nullity between Scowcroft as the Providence Kissel Company and himself as an individual, nevertheless it had validity in the hands of the assignee. But even if this is so, we do not think it should be

allowed to prevent the operation of the statute. We think that Scowcroft as the Providence Kissel Company should be held to have retained possession of the automobile and therefore the defendant under the statute has good title to the automobile as an innocent third party without notice of the rights of the plaintiff or of any rights that Scowcroft as an individual might have as distinguished from himself as the Providence Kissel Company.

N. E. Auto Investment Co. vs. St. Germaine, 45 R. I. 225.

We therefore give decision for the defendant.

For plaintiff: Hinckley, Allen, Tillinghast & Phillips.

For defendant: Gardner, Moss & Haslam. C. J. Alexander.